UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22071-CIV-KING/BANDSTRA

INVERPAN S.A., a Panamanian Corporation,

    Plaintiff,

vs.

AMERICAN EXPRESS BANK INTERNATIONAL,
a foreign corporation, and GREGORIO ECHEVARRIA,
an individual, VESEY LIMITED, a Cayman Islands
corporation, NORMA EBANKS, individually,
RANDALL FISHER, individually, BERTHA BRITTEN,
individually, ALDRICH WERLEMAN,
individually, and AMEX INTERNATIONAL
TRUST (CAYMAN), LTD., a Cayman Islands
Corporation,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Aruban Defendants' Motion to Dismiss for Fraud on the Court (D.E. 128) filed on September 24, 2008; and the Aruban Defendants' Motion to Sanctions under Rule 11 (D.E. 141) filed on November 13, 2008. Subsequently, both motions were referred to the undersigned to hold a hearing and for all permissible judicial proceedings by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Accordingly, the Court conducted a hearing on these motions on December 10,

2008. Following careful review of the pleadings, all exhibits and attachments thereto, and applicable law, the undersigned recommends:

    a. that the Aruban Defendants' Motion to Dismiss for Fraud on the Court (D.E. 128) be DENIED; and

    b. that the Aruban Defendants' Motion for Sanctions under Rule 11 (D.E. 141) be DENIED.

## **PROCEDURAL HISTORY**

On October 10, 2007, plaintiff, Inverpan S.A., a Panamanian corporation owned by Anna Hochman, sued Bertha Britten and Aldrich Werleman (hereinafter "the Aruban defendants") and other defendants to recover approximately $11,000,000 allegedly misappropriated by Bertha Britten and Aldrich Werleman from Inverpan accounts between 1997 and 2004. Plaintiff's Verified Complaint, while pleaded in fourteen counts, essentially alleges a scheme to defraud in which the Aruban defendants, with the assistance and complicity of their co-defendants, received large monetary transfers from Inverpan accounts between 1997 and 2004 without the approval or authorization of Inverpan or its sole owner, Anna Hochman. The central issue in this case is whether the Aruban defendants unlawfully received payments from Inverpan by "looting" it's acccounts or, as contended by the Aruban defendants, they received such payments as "gifts" from Anna Hochman.[1]

---

[1] The undersigned only briefly summarizes this case in this manner knowing that the Court is well familiar with the case and the positions of the parties having recently conducted hearings on defendants' motions to dismiss for lack of jurisdiction.

On December 7, 2007, certain other defendants filed the Trust Defendants' Motion to Dismiss (D.E. 27) arguing, *inter alia*, that this Court lacks personal jurisdiction over them due to insufficient minimum contacts with Florida.

On March 6, 2008, the Aruban defendants filed their own motion to dismiss (D.E. 50) also arguing, *inter alia*, the lack of personal jurisdiction based on insufficient contacts with this forum.

On May 9, 2008, the Court conducted a hearing on both motions to dismiss and thereafter ordered that the deposition of Anna Hochman, be taken, while staying all other discovery in the case, to be followed by additional briefing on the issue of jurisdiction. *See* Civil Minutes (D.E. 78) dated May 9, 2008.

On June 27, 2008, the Aruban defendants filed a notice to take a videotaped deposition of Anna Hochman in Aruba. Following a series of motions and court orders with respect to conditions for this discovery, the deposition of Anna Hochman was commenced on July 22, 2008. Unfortunately, this deposition was not completed due to Anna Hochman's ill health and need for hospitalization following the first deposition session.

On September 12, 2008, the Aruban defendants filed a Motion for Status Conference to Determine Whether this Case should be Dismissed as a Fraud on the Court (D.E. 124) based, in large part, on the partially completed deposition of Anna Hochman. Defendants' motion was filed without the requisite memorandum of law or certificate of compliance with Local Rule 7.1(a)(3).

On September 15, 2008, this motion for status conference was referred to the undersigned resulting in an Order of the undersigned requiring the Aruban defendants to

file this pleading as either a motion to dismiss or for summary judgment with the appropriate memorandum of law.

On September 24, 2008, the Aruban defendants refiled their pleading as a motion to dismiss for fraud on the Court. [2] The Aruban defendants essentially restated their position, now styled as a motion to dismiss, and included a one page memorandum of law. Defendants' "memorandum of law" cited no case law except in a footnote to its final sentence and totally failed to argue the applicability of any case law to the facts of this case.

On November 13, 2008, the Aruban defendants filed their Motion for Sanctions under Rule 11 arguing bad faith and failure to investigate the "facts" prior to filing this case. Once again, defendants relied heavily on the uncompleted deposition of Anna Hochman.

Meanwhile, the Court denied the Trust Defendants' Motion to Dismiss for Lack of Jurisdiction (D.E. 129) on September 24, 2008; and again on a motion for reconsideration (D.E. 136) on October 28, 2008. The Court has allowed for the refiling of this motion following the completion of Anna Hochman's deposition, if possible, which the Court deemed critical to resolving the jurisdictional issues.

On December 10, 2008, the undersigned conducted a hearing on the Aruban Defendants' motion to dismiss and motion for sanctions.

---

[2] No other defendants have joined in this motion.

## **ANALYSIS**

A. <u>Aruban Defendants' Motion to Dismiss for Fraud on the Court</u>

The Aruban defendants (Bertha Britten and Aldrich Werleman) moved to dismiss this case as a "fraud on the court" based on the limited discovery completed to date and their view of this evidence as it relates to the allegations of the complaint. In brief summary, the Aruban defendants summarize this case as a dispute between Anna Hochman, the "92 year old bedridden owner" of Inverpan and her sister, Bertha Britten, over sizeable cash transfers to Bertha Britten and her son-in-law, Aldrich Werleman, which was initiated by Haim Hochman, Anna Hochman's son, for his own personal gain as his mother's eventual heir. The Aruban defendants support their motion by noting that Haim Hochman, a director of Inverpan with power of attorney from Anna Hochman, has now withdrawn his sworn verification of the complaint and, at deposition, denied any personal knowledge of his mother's cash transfers to Bertha Britten and Aldrich Werleman or whether such transfers were "gifts." The Aruban defendants also argue that bank records now produced in discovery reveal that Bertha Britten never exercised her signature authority over the Inverpan accounts which transferred the funds; and that such records support their position that Anna Hochman made a number of "gifts" to Bertha Britten between 1997 and 2004 totaling $11 million. The Aruban defendants also argue from Haim Hochman's deposition testimony during which he stated that he began this lawsuit with no firsthand knowledge to support its allegations or knowledge of any witnesses who could substantiate its claims. Finally, the Aruban defendants summarize certain testimony

of Anna Hochman during her partially completed deposition which they contend demonstrate her dementia, lack of competence, and near total lack of knowledge about the monetary transfers involved in this case. The Aruban defendants then conclude that Inverpan's counsel "must have known that Ms. Hochman was incompetent" before the lawsuit was filed so that this is a case "built on perjury and the fabrication of evidence," thereby constituting a fraud on the Court. Motion, pgs. 19-20.

Inverpan, through its counsel, strongly disagree with the Aruban defendants' position and argue that they "skew the facts" and "obliterate the law" in an effort to cover up their own fraud and theft of Inverpan's assets. Inverpan disagrees with the Aruban defendants' view of the bank records produced in discovery and deny that they support defendants' position that the monetary transfers were "gifts" rather than the unlawful conversion of corporate assets as alleged in the complaint. Inverpan explains the withdrawal of Haim Hochman's verification to the complaint as no longer necessary once Inverpan's request for preliminary injunctive relief was withdrawn. Inverpan then proffers a number of witnesses, other than Haim Hochman and his mother, with knowledge relevant to the unlawful transfers to the Aruban defendants. Inverpan also strongly disagrees with the Aruban defendants' assessment of Anna Hochman's mental condition, knowledge of the facts of this case, and awareness of this lawsuit. Inverpan notes that this deposition was only started, but never finished, before Anna Hochman took seriously ill requiring hospitalization so that she has so far been questioned only by counsel for the Aruban defendants. Nevertheless, Anna Hochman has testified that Bertha Britten wrongfully acquired Inverpan's funds which she wants back in the entire amount. Finally, Inverpan's counsel insists that they properly investigated the facts of this case before filing this lawsuit

as required by the federal rules so that there is no "fraud on the court." Inverpan seeks the right to proceed with discovery to acquire further proof of their allegations.

As noted above, the Aruban defendants provide no meaningful memorandum of law in support of their motion and appear to rest mainly on the partially completed deposition of Anna Hochman as the basis for dismissal of this case. Defendants do cite one case in a footnote to their memorandum, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989), in which the plaintiff created a false purchasing agreement and attached it to the complaint. He then sought extensive discovery, all based on the fraudulent agreement, which finally revealed the fake document. Months later, plaintiff attempted to amend his complaint to attach the real agreement but the Court dismissed the claim as a sanction for fraud on the court. In affirming the dismissal, the First Circuit Court of Appeals explained:

> A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. (Citations omitted).

*Id.* at 1118. The court further explained that dismissal for fraud, while warranted in *Aoude*, is the most extreme remedy and must be reserved for those situations where the "defaulting party's misconduct is correspondingly egregious." *Id.* (citing numerous cases). The *Aoude* decision has been cited in this district and in other cases involving allegations of fraud on the court. *See, e.g., Vargas v. Peltz*, 901 F.Supp. 1572 (S.D. Fla. 1995).

Reviewing the instant case, the undersigned cannot conclude, by clear and convincing evidence, that Inverpan had set in motion some "unconscionable scheme" designed to interfere with the judicial system's ability to impartially adjudicate this case.

7

While the Aruban defendants are undoubtedly vexed at having to defend themselves in this lawsuit, and rightfully note the withdrawal of Haim Hochman's verification to the complaint and seeming lack of personal knowledge of its allegations, something far more egregious is necessary to find "fraud on the court" or to conclude that Inverpan and its attorneys acted in bad faith in filing this case. Moreover, Anna Hochman's apparent inability to recall dates and events is understandable considering her age and stroke in 2004 so that her confusion during her deposition lends little to defendants' argument for "fraud on the court." Inverpan's counsel proffers other witnesses, including Jacquelyn Franken, an administrator of Anna Hochman's business since 1989, and the civil law notary who authorized the power of attorney given by Anna Hochman to Haim Hochman, who both have knowledge of matters relevant to this case.

At the very least, Inverpan should be given the opportunity to complete the deposition of Anna Hochman, if possible, and present evidence from its other witnesses before the Court should consider whether this case should be dismissed for fraud or any other reason. At this point, the Court cannot simply accept the Aruban defendants' view of the case based on the limited discovery completed to date to conclude that Inverpan has defrauded the Court.

### B. Aruban Defendants' Motion for Sanctions Under Rule 11

The Aruban defendants have also moved for Rule 11 sanctions based on the same "facts" and arguments as advanced in their motion to dismiss for fraud. These defendants essentially contend that the allegations of the complaint are not "well-grounded in fact" and lacked a reasonable inquiry by Inverpan's attorneys as required by Fed.R.Civ.P. 11. The Aruban defendants seek monetary sanctions against Inverpan for the "baseless" allegations and bad faith in seeking their counsel's disqualification.

Once again, and for the same reasons as stated above, the undersigned finds no basis to conclude that Inverpan's allegation are baseless and without evidentiary support. Inverpan should be given the opportunity to fully complete the deposition of Anna Hochman as well as other discovery relevant to the case before the Court is asked to prematurely address the strength of the case and whether sanctions are appropriate.

### SUMMARY

For all of the foregoing reasons, the undersigned recommends:

a. that the Aruban Defendants' Motion to Dismiss for Fraud on the Court (D.E. 125) be DENIED; and

b. that the Aruban Defendants' Motion for Sanctions under Rule 11 (D.E. 141) be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District

Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)(1)( c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn.*, 474 U.S. 140 (1985), *reh. denied*, 474 U.S. 1111 (1986).

RESPECTFULLY SUBMITTED in Miami, Florida, this 22nd day of December, 2008.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
All counsel of record