UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22071-CIV-KING

INVERPAN S.A.,

    Plaintiff,

v.

AMERICAN EXPRESS BANK INTERNATIONAL,
GREGORIO ECHEVARRIA,
VESEY LIMITED,
NORMA EBANKS,
RANDALL FISHER,
BERTHA BRITTEN,
ALDRICH WERLEMAN, and
AMEX INTERNATIONAL TRUST (CAYMAN), LTD.,

    Defendants.
_____/

## ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE TED E. BANDSTRA'S FEBRUARY 2, 2009 ORDER

THIS CAUSE comes before the Court upon the Aruban Defendants'[1] "Objection[s] to Magistrate Judge Bandstra's February 2, 2009 Order [D.E. 179]" (D.E. #189 & #191), filed February 20, 2009. On March 6, 2009, the Plaintiff filed its "Response[s] and Memorandum[s] of Law in Opposition" (D.E. #193 & #194).

---

[1] The Aruban Defendants consist of the Defendants Bertha Britten and Aldric Werleman.

After thoroughly considering the record and the parties' briefs, the undersigned concludes that Magistrate Judge Ted E. Bandstra's Order (D.E. #179) is neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a) (stating that, for a magistrate judge's order on a non-dispositive matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). In asserting that the utilization of written questions to complete the deposition of Anna Hochman would be inappropriate, the Aruban Defendants rely exclusively upon law from other Circuits. Thus, the Aruban Defendants have not provided any binding precedent to support their assertions. However, even applying this law, the undersigned concludes that the circumstances surrounding the scheduled deposition of Anna Hochman constitute a situation where written questions are appropriate. *See Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989) ("In certain limited circumstances, depositions by written questions are appropriate."). The benefits to Anna Hochman, who (by the Aruban Defendants' own admission) is a woman of "frail health,"[2] outweigh any alleged prejudices to the Aruban Defendants that may result upon the completion of her deposition with written questions. Furthermore, the Plaintiff has provided

---

[2] D.E. #189, pg. 12.

persuasive examples of other courts utilizing written questions for depositions under allegedly less dire circumstances than the instant action. *See, e.g., Capitol Vending Co., Inc. v. Baker*, 36 F.R.D. 45, 46 (D.C. 1964).

It should be noted that Magistrate Judge Bandstra's Order (D.E. #179) also allows for follow-up questions by the Aruban Defendants. They assert that the allowance for these follow-up questions is not sufficient because such questions will not be "spontaneous." D.E. #189; D.E. #191, pg. 7. The Aruban Defendants also assert that it will be difficult to make objections during the deposition due to the written-question format and that the reading of the written questions to Anna Hochman by the civil law notary is improper. *See* D.E. #191. However, the undersigned concludes that, given the frail health and medical necessities (which are supported by Affidavits) of Anna Hochman, such a format is necessary. In sum, the undersigned concludes that the Order (D.E. #179) is neither clearly erroneous nor contrary to law and the Aruban Defendants' request for modification to said Order (D.E. #179) should be denied.[3]

---

[3]The undersigned acknowledges that, since the filing of these Objections, the Bank and Trust Defendants—which consist of the Defendants American Express Bank International; Gregorio Echevarria; AMEX International Trust (Cayman), Ltd.; and Vesey Limited—have been dismissed with prejudice and the Aruban Defendants have asserted additional arguments (based upon these dismissals) for why the format for the scheduled deposition is appropriate. The undersigned will address these additional arguments by separate order.

Accordingly, the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that the Aruban Defendants' "Objection[s] to Magistrate Judge Bandstra's February 2, 2009 Order [D.E. 179]" (**D.E. #189 & #191**) be, and the same are hereby, **DENIED**. The deposition of Anna Hochman is to proceed (as noticed) on April 20, 2009.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of April, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **Magistrate Judge Ted E. Bandstra**

*Counsel for Plaintiff*

**Michael Scott Budwick**
Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131

**Robert J. McKee**
Krupnick Campbell Malone Roselli et al
700 SE 3rd Avenue
Suite 100
Fort Lauderdale , FL 33316-1186

**Daniel Nattan Gonzalez**

Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131

**Deborah B. Jofre**
Meland Russin & Budwick, PA
200 S. Biscayne Blvd.
Suite 3000
Miami , FL 33131

## *Counsel for Defendants*

**Henry E. Mendia**
Stroock Stroock & Lavan
200 S Biscayne Boulevard
Suite 3160 Wachovia Financial Ctr
Miami , FL 33131-2385

**Carlos Federico Osorio**
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131

**Hendrik Gerardus Milne**
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131