UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22071-CIV-KING

INVERPAN S.A.,

    Plaintiff,

v.

NORMA EBANKS,
RANDALL FISHER,
BERTHA BRITTEN, and
ALDRICH WERLEMAN,

    Defendants.
_____/

**ORDER DENYING THE PLAINTIFF'S "RENEWED MOTION TO DISQUALIFY THE LAW FIRM OF ABALLI, MILNE, KALIL, P.A. FROM FURTHER PARTICIPATION IN THIS LAWSUIT" WITHOUT PREJUDICE TO REASSERTING ONCE THE DEPOSITION OF ANNA HOCHMAN HAS BEEN COMPLETED AND TRANSCRIBED**

THIS CAUSE comes before the Court upon the Plaintiff's "Renewed Motion to Disqualify the Law Firm of Aballi, Milne, Kalil, P.A. [("AMK")] From Further Participation in this Lawsuit, and Incorporated Memorandum of Law" (D.E. #200) filed March 23, 2009.[1] The Aruban Defendants[2] have not filed a

---

[1] On March 24, 2009, the undersigned referred said Motion to Magistrate Judge Ted E. Bandstra. *See* D.E. #201. This Referral to Magistrate (D.E. #201) is hereby **REVOKED**.

[2] The Aruban Defendants consist of the Defendants Bertha Britten and Aldric Werleman.

response, and the time to do so has passed.[3]

The undersigned concludes that said Motion should be denied because, at present time, there is not sufficient information to establish grounds for disqualification. The Plaintiff asserts that, since the time (i.e., June 25, 2008) that the Court denied the initial request to disqualify counsel, new information has been discovered which establishes that the "interests of Anna Hochman and the Aruban Defendants are 'materially adverse' to one another as required for disqualification under Rule 1.9." D.E. #200, ¶ 5. Specifically, the Plaintiffs assert the following: (1) during the deposition of Hochman that started—but was not completed—on July 22, 2008, she made statements that "clearly show[] that her interests are materially adverse to the Aruban Defendants and AMK," *id.* at ¶ 6; and (2) in a brief submitted to this Court on February 20, 2009, AMK "finally admitted to being adverse to Anna Hochman" when it referred to her as an "adverse witness," *id.* at ¶ 7. However, the undersigned concludes that this Court should not deviate from its previous Order (D.E. #105), in which it denied the initial request to disqualify without prejudice to reasserting once the deposition of Anna Hochman has been completed. As stated in other Orders for this case, in the remainder of her deposition (scheduled for April 20, 2009), Anna Hochman might

---

[3]However, in briefs submitted for unrelated motions, the Aruban Defendants asserted that they opposed this request for disqualification of their counsel.

provide testimony that conflicts with the previous answers that she provided on July 22, 2008. *See* D.E. #180 ("Conflicting testimony regarding this and other relevant issues may yet arise during the full deposition."). Thus, the better course of action is for this Court to await the completion of her deposition prior to making a final determination on whether AMK should be disqualified. *See Alexander v. Tandem Staffing Solutions, Inc.*, 881 So.2d 607, 608 (Fla. 4th DCA 2004) ("Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly." (quoting *Singer Island Ltd. v. Budget Constr. Co.*, 714 So.2d 651, 652 (Fla. 4th DCA 1998))). As conceded by the Plaintiff, there is no legal requirement that this request to disqualify be resolved one way or the other prior to the completion of this deposition. *See* D.E. #209, ¶ 17. Furthermore, the undersigned concludes that AMK's statement that Anna Hochman is an "adverse witness"—for the purposes of the upcoming deposition—is not necessarily dispositive of whether the interests of Anna Hochman and the Aruban Defendants are "materially adverse"—for the purposes of the disqualification of AMK from representing Inverpan—as required under Rule 1.9. Again, the parties will be in a better position to fully brief this issue after her deposition has been completed.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Plaintiff's "Renewed Motion to Disqualify the Law Firm of Aballi, Milne, Kalil,

P.A. From Further Participation in this Lawsuit, and Incorporated Memorandum of Law" (**D.E. #200**) be, and the same is hereby, **DENIED WITHOUT PREJUDICE to reasserting once the deposition of Anna Hochman has been completed and transcribed**. As stated in earlier orders, the deposition of Anna Hochman is to proceed (as noticed) on April 20, 2009.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of April, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   Magistrate Judge Ted E. Bandstra

*Counsel for Plaintiff*

**Michael Scott Budwick**
Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131

**Robert J. McKee**
Krupnick Campbell Malone Roselli et al
700 SE 3rd Avenue
Suite 100
Fort Lauderdale , FL 33316-1186

**Daniel Nattan Gonzalez**
Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131

**Deborah B. Jofre**
Meland Russin & Budwick, PA
200 S. Biscayne Blvd.
Suite 3000
Miami , FL 33131

## *Counsel for Defendants*

**Henry E. Mendia**
Stroock Stroock & Lavan
200 S Biscayne Boulevard
Suite 3160 Wachovia Financial Ctr
Miami , FL 33131-2385

**Carlos Federico Osorio**
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131

**Hendrik Gerardus Milne**
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131