UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-22071-CIV-KING

INVERPAN, S.A., a Panamanian
corporation,

    Plaintiff,

v.

BERTHA BRITTEN and
ALDRIC WERLEMAN,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL FOR FORUM NON CONVENIENS

THIS CAUSE comes before the court upon Defendants' Motion to Dismiss Case Based on Doctrine of *Forum Non Conveniens* (DE #239). Plaintiff has filed a response (DE #246), and Defendants have replied (DE #254).

**I.    Background**

Plaintiff Inverpan is a Panamanian corporation. Its sole shareholder, Anna Hochman, and its current principal director, Haim Hochman, reside in Aruba. The two remaining defendants in this case, Bertha Britten and Aldric Werleman, both of whom were Inverpan employees, also reside in Aruba[1]. Inverpan maintained a bank account in Miami, which was managed by several of its employees. Inverpan alleges that funds from this bank account were stolen in two ways. First, it alleges that Britten somehow coerced Anna Hochman into transferring Inverpan funds to Britten's personal account. Second, it alleges that Wereleman, in the course of his duties,

---

[1] Originally Inverpan named American Express Bank International and one of its employees as defendants. Both of those defendants have since been dismissed from the case.

1

transferred Inverpan funds to his personal bank account. Defendants have now filed the instant Motion to Dismiss for Forum Non Conveniens, arguing that the proper forum should be Aruba.

**II.     Standard of Review**

The doctrine of forum non conveniens gives district courts the discretion to dismiss a case, even if jurisdiction and venue are proper, when it appears that the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). For a party to prevail on a motion to dismiss for forum non conveniens, the party must demonstrate that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Miller Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

First, "the defendant must demonstrate both the availability and the adequacy of the proposed alternative forum." *Tyco Fire & Sec., L.L.C. v. Alcocer*, 218 F. App'x 860, 865 (11th Cir. 2007). Generally, a forum is available if it is amenable to service of process or the opposing party consents to jurisdiction in the alternative forum. *See Piper Aircraft Co.*, 454 U.S. at 242. Moreover, a forum is generally adequate if it can provide some relief for plaintiff's claims. *See id.* Additionally, a forum is still adequate even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Id.* Finally, although there is a presumption against disturbing the plaintiff's choice of forum, that presumption "applies with less force when the plaintiff or real parties in interest are foreign." *Piper Aircraft Co.*, 454 U.S. at 255.

Second, if an available and adequate alternative forum exists, the trial judge then considers "all relevant factors of private interest, weighing in the balance a strong presumption

against disturbing plaintiffs' initial forum choice." *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). These private interest considerations are factors affecting the convenience of the litigants and include 1) ease of access to sources of proof; 2) availability of compulsory process and cost of attendance of witnesses; 3) the possibility of view of the premises, if view would be appropriate; and 4) any other problems that assist in the progress of a trial. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004).

If the balance of private interests is not clear, the trial judge must "then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum." *C.A. La Seguridad*, 707 F.2d at 1307. The public interest factors (i.e., considerations affecting the convenience of the forum) are the administrative difficulties for courts when litigation is not handled at its origin. *See Gulf Oil Corp.*, 330 U.S. at 508. The public interest factors to be considered include "[1] court congestion, [2] the local interest in the controversy, [3] avoidance of unnecessary problems in the application of foreign law, and [4] avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy." *Licea v. Curaçao Drydock Company, Inc.*, 537 F. Supp. 2d 1270, 1276 (S.D. Fla. 2008); *see also Gulf Oil Corp.*, 330 U.S. at 508.

### III. Discussion

#### A. Timeliness of Defendants' Motion

As an initial matter, Plaintiff argues that Defendants' Motion to Dismiss is untimely, because ordinarily a forum non conveniens motion must be filed "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." *Lugones v. Sandals Resort, Inc.*, 875 F.Supp.

821, 823 (S.D. Fla. 1995). Plaintiff argues that Defendants have known for two years, since the inception of this lawsuit, of such facts and circumstances. However, the original complaint named American Express Bank International, the bank at which Inverpan's account is located, and Gregorio Echevarria, the employee who helped manage the account. Those defendants were not dismissed from this case until March 23, 2009 (DE #203). Thus, until that time, the case involved substantial allegations of wrongdoing by an American bank and a Florida resident. Dismissing those defendants, leaving only Panamanian and Aruban parties, changed the landscape significantly. Given these considerations, the motion to dismiss is not untimely.

### B.  An Available and Adequate Alternative Forum

Defendants argue that Aruba is an available and adequate forum in which this lawsuit can be filed. Aruba is available because Defendants have consented to jurisdiction there (DE #239, p.6). Moreover, an adequate forum need not be perfect; rather, it must afford a "satisfactory remedy" even though that remedy may be different from that which could be obtained in the United States. *See Panama Shipping v. Ciramar Int'l Trading, Ltd.*, 2009 U.S. Dist. LEXIS 27547 *9 (S.D. Fla. 2009). Here, Plaintiff does not contend that the Aruban court system is corrupt, undemocratic, or incompetent—in fact, just the opposite. (*See* DE #246, p. 7 ("The Plaintiff also does not dispute that Aruban judges are highly capable and competent jurists.")). Plaintiff's chief objection to the Aruban forum is delay; however, delay alone does not make a forum inadequate. Further, the case cited by Plaintiff regarding adequacy of the forum, *Jackson v. Grupo Industrial Hotelero, S.A.*, 2008 U.S. Dist. LEXIS 88922 (S.D. Fla. 2008), is inapposite. In *Jackson*, the court refused to dismiss the case on forum non conveniens grounds because it found that the Mexican court system was not sufficiently capable of handling large and complex intellectual property litigation. *See id.* at *34. Here, there is no allegation that the Aruban courts

will be unable to handle this case, which simply involves the conversion of corporate funds. In fact, the uncontradicted affidavits filed in support of the motion show that Aruba recognizes the cause of action of misappropriation that can provide Plaintiff with relief (DE #240). Therefore, the Court finds that Aruba is an available and adequate forum in which this lawsuit can be filed.

### C.     The Private Interest Factors

Having concluded that an available and adequate forum exits, the Court then turns to the private interest factors, which include 1) ease of access to sources of proof; 2) availability of compulsory process and cost of attendance of witnesses; 3) the possibility of view of the premises, if view would be appropriate; and 4) any other problems that assist in the progress of a trial.

First, ease of access to sources of proof is the most significant factor in this case. Here, the sources of proof will be witness testimony and documentary evidence. The vast majority of witnesses, including Mrs. Hochman, Mr. Hochman, Ms. Britten, Mr. Werleman, and other Inverpan employees, are all located in Aruba. The only witness in Miami is Mr. Echevarria, the former bank employee. Most of the testimony will be about events that occurred in Aruba. Key depositions that have already been taken have been conducted in Dutch and Papiamento, and their transcripts translated into English. Further, even if all the documents were located in Miami, the ease of document transfer in this day and age makes that a minor consideration. Thus, this factor weighs in favor of the Aruban forum.

Second is the availability of compulsory process and cost of witness attendance. Although Aruba is a party to the Hague Convention, which subjects Aruba to certain forms of subpoena power, "[t]hese procedures are cumbersome and time-consuming." *Mastafa v. Australian Wheat Bd. Ltd.*, 2008 U.S. Dist. LEXIS 73305 *28 (S.D.N.Y. 2008). Moreover, the

cost of witness attendance, which will require witnesses to travel from Aruba and Panama to Miami, is very high compared to the cost of attendance in Aruba. Thus, this factor weighs in favor of the Aruban forum.

Third is the possibility of view of the premises, which has no application in this case. Fourth is any other practical problem of trial. Here, this would include the fact that many of the witnesses do not speak English and would require translators, which would be especially cumbersome in this case, which will require a determination of whether words spoken to Mrs. Hochman were coercive or unduly influential, and when Mrs. Hochman understood the nature of her actions. Such subtleties in language are often lost in translation.

Thus, the private interest factors weigh in favor of dismissal.

### D.    The Public Interest Factors

Because the private interest factors are neither in equipoise nor near equipoise, the Court need not address the public interest factors. However, for purposes of thoroughness, the Court will briefly address these factors, which include 1) court congestion, 2) the local interest in the controversy, 3) avoidance of unnecessary problems in the application of foreign law, and 4) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy.

First is court congestion, which is not a problem in either court.

Second is the local interest in the controversy. This case involves two Aruban defendants who allegedly stole money from a Panamanian company, through actions that occurred mostly in Aruba. The only local connection is the fact that the bank account which held the allegedly stolen money was located here in Miami. This presents a matter of minimal local interest. Although Floridians certainly have an interest in ensuring the integrity of their local bank

accounts, the location of the money is immaterial. The main thrust of this action is that a Panamanian company was wronged by Arubans acting in Aruba, and the money just happened to be in a Miami bank. Thus, this factor weighs in favor of the Aruban forum.

Third is the avoidance of unnecessary problems in the application of foreign law. That issue is present here, as it is unclear whether Florida or Aruban law would apply. Certain actions of Mr. Werleman were allegedly taken in Miami to convert Inverpan's money to his own use, but Ms. Britten's actions of allegedly coercing Mrs. Hochman to transfer money to Britten's account occurred in Aruba. Thus, this Court would be presented with the possibility of applying one forum's law to one set of actions and one forum's law to another. This is the type of problem that can be avoided by dismissal for forum non conveniens, so that the Aruban courts can apply and construe their own law. Even if this were not the case, however, there is still a conflict on which forum's law would apply, which tips this factor in favor of dismissal.

Fourth is the avoidance of jury duty on residents having little relationship to the controversy. This factor weighs in favor of the Aruban forum for the same reasons that Miami lacks a local interest in the controversy. Jurors residing in the Southern District of Florida would be asked to protect the rights of Aruban citizens and vindicate the interests of a Panamanian corporation. On the other hand, "a defendant's home forum always has an interest in providing redress for injuries caused by its citizens." *Pan. Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, 2009 U.S. Dist. LEXIS 27547 *16 (S.D. Fla. 2009). Thus, this factor weighs in favor of the Aruban forum.

In sum, the public interest factors also weigh in favor of dismissal.

### E.  Undue Inconvenience or Prejudice

The final step in the analysis is to determine whether there will be undue inconvenience or prejudice in requiring the plaintiff to re-file the suit in a new forum. The Court concludes that no such inconvenience or prejudice exists. Although Inverpan is a Panamanian company, its principal directors and shareholder reside in Aruba, which is where most of the witnesses are. Moreover, although the case has been pending in this Court for a substantial amount of time, it is still in the discovery stages, and several depositions have already been taken. Thus, it will not require duplicative efforts. Finally, Defendants have stipulated to jurisdiction there. Therefore, the Court finds that Plaintiff will not suffer undue inconvenience or prejudice by having to re-file in Aruba.

## IV.  Conclusion

After carefully considering the adequacy of the alternate forum, the private and public interest factors, and the possible inconvenience, the Court concludes that the factors weigh in favor of dismissal of this case on forum non conveniens grounds, and Defendants have met their burden of so proving. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Defendants' Motion to Dismiss on Forum Non Conveniens Grounds (DE #239) be, and the same is hereby **GRANTED.**

2. All pending motions are **DENIED as MOOT.**

3. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building, Miami, Florida, this 21st day of August, 2009.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**Clerk of Court**

**Magistrate Judge Ted E. Bandstra**

<u>*Counsel for Plaintiff*</u>
Michael Scott Budwick
Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131
305-358-6363
Fax: 358-1221
Email: mbudwick@melandrussin.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Robert J. McKee
Krupnick Campbell Malone Roselli et al
700 SE 3rd Avenue
Suite 100
Fort Lauderdale , FL 33316-1186
954-763-8181
Fax: 763-8292
Email: rmckee@krupnicklaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Daniel Nattan Gonzalez
Meland Russin & Budwick PA
200 S Biscayne Boulevard
Suite 3000 Wachovia Financial Ctr.
Miami , FL 33131
305-358-6363
Fax: 358-1221

Email: Dgonzalez@melandrussin.com
ATTORNEY TO BE NOTICED

Deborah B. Jofre
Meland Russin & Budwick, PA
200 S. Biscayne Blvd.
Suite 3000
Miami , FL 33131
305-358-6363
Fax: 305-358-1221
Email: djofre@melandrussin.com
ATTORNEY TO BE NOTICED

### *Counsel for Defendants*
Carlos Federico Osorio
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131
305-372-5943
Fax: 373-7929
Email: cosorio@aballi.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Hendrik Gerardus Milne
Aballi Milne Kalil & Escagedo
1 SE 3rd Avenue
Suite 2250
Miami , FL 33131
305-373-6600
Fax: 373-7929
Email: hmilne@aballi.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED